UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KARL GARRETT BIELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.2:13-cv-02346-APG-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| GARABET K. KHOURJIAN, et al., | ) | Application to Proceed *in Forma* |
| | ) | *Pauperis* (#1) and Screening |
| Defendant. | ) | Complaint (#1-1) |
| | ) | |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1) and the Court's screening of Plaintiff's Complaint (#1-1), filed on December 26, 2013.

## **DISCUSSION**

### I.  **Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.  **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a

doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      **A.**    **Plaintiff's Complaint**

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id*. at 678. However, to state a plausible claim for relief, a complaint must contain both sufficient factual allegations (i.e. names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678-79. A complaint that merely offers "labels and conclusions" will be dismissed. *Id*.

Here, Plaintiff's Complaint fails to satisfy Rule 8's standards. The Complaint does not provide a short and plain statement of the facts of the case as required by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). In its entirety, Plaintiff's allegation states, "Defendants did injure Plaintiff in each of the following manner: intentionally, and also in alternative, wanton and willfully with gross negligence, and also in alternative negligently." *See Doc. #1-1* at pg. 1. The Plaintiff, however, failed to include facts to support his cause of action. Rule 8 does not require detailed factual allegations, however, conclusory allegations do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this instance, Plaintiff has not plead sufficient facts to put a defendant on notice of

his or her alleged misconduct.

Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted. The Court will grant Plaintiff leave to amend his Complaint in accordance with the above discussion. In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). If Plaintiff elects to file an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1-1) be **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order may result in the dismissal of this action.

DATED this 27th day of May, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge